UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOE HAND PROMOTIONS, INC., :
:
    Plaintiff, :
:
v. : Civil Action No. 2:14cv20
:
SLIDERS SPORTS LOUNGE, LLC :
:
    Defendant. :

### REPORT AND RECOMENDATION

This case comes before the Court on a Motion for Default Judgment under Rule 55 of the Federal Rules of Civil Procedure. The matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the undersigned recommends that the motion be GRANTED IN PART and DENIED IN PART, and that default judgment be entered against Sliders Sports Lounge, LLC ("Sliders").

### I. INTRODUCTION

On January 22, 2014, Joe Hand filed a Complaint against Sliders alleging violations of the Federal Communications Act of 1934, as amended, under 47 U.S.C. §§ 553 and 605. (Compl., ECF No. 1.) Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") is a corporation that purchases and distributes the rights to exhibit closed-circuit telecasts to locations such as arenas, bars, and

1

restaurants. (Compl. ¶ 6, ECF No. 1.) Defendant Sliders is a bar and restaurant located in Virginia Beach that features televised sporting entertainment for its patrons. (Compl. ¶¶ 5, 15, ECF No. 1.)

A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this proceeding because the Complaint raises a federal question under 47 U.S.C. §§ 553 and 605. 28 U.S.C. § 1331 (2012). The constitutional requirements for personal jurisdiction are satisfied as Sliders is a business operating in Virginia with its principal place of business at 3157 Virginia Beach Boulevard, Suite 104-105, Virginia Beach, Virginia 23452. (Compl. ¶ 5, ECF No. 1;) see also Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Venue is proper because Sliders is located in Virginia Beach, and substantially all of the events giving rise to this claim occurred in this district. 28 U.S.C. § 1391(b) (2012).

B. Sliders was Properly Served and is in Default

When a Complaint and Summons have been properly served on a defendant, a defendant has 21 days to file a responsive pleading.[1] Fed. R. Civ. P. 12(a)(1)(A)(i). Upon a defendant's failure to defend the allegations in a timely manner, the court

---

[1] If a defendant timely waives service pursuant to Rule 4(b) of the Federal Rules of Evidence, he has 60 days after the request of waiver was sent to file a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(ii). In this case, Sliders did not waive service.

2

may enter default. Fed. R. Civ. P. 55(a); Fed. Deposit Ins. Corp. v. Danzig, No. 93-1294, 10 F.3d 806 at *2 n.5 (4th Cir. Nov. 22, 1993). A defaulting defendant admits to the well-pleaded factual allegations against it. Fed. R. Civ. P. 8(b)(6); Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted)).

Joe Hand served the Complaint and Summons to Nischika Joi Evans, the Registered Agent for Sliders Sports Lounge, LLC, through the State Corporation Commission on April 18, 2014. (Certificate of Compliance, ECF No. 6; see also Pl.'s Req. for Entry of Default at 2.) Insofar as the service was directed to Sliders as a business, this service of process was sufficient.[2] Fed. R. Civ. P. 4(h)(1)(B). Sliders did not answer or otherwise respond. At Joe Hand's request, the Clerk of the Court entered Slider's default on May 19, 2014, and the Court now takes as true all of the well-pleaded factual allegations against the defendant. Fed. R. Civ. P. 55(a), 8(b)(6); (Entry of Default, ECF No. 8.)

C. Factual and Procedural History

Joe Hand brought this suit alleging that Sliders willfully

---

[2] Joe Hand also filed the Complaint against the unidentified owner of Sliders, presented as "John Doe" in the Complaint. (Compl. at 1, ECF No. 1.) Because Joe Hand failed to identify or serve the unknown defendant within the 120 day period, this Report recommends that the claim against "John Doe" be DISMISSED without prejudice. Fed. R. Civ. P. 4(m).

3

intercepted one of its closed-circuit broadcasts. (Compl. ¶ 13, ECF No. 1.) Joe Hand owned rights to distribute the closed-circuit telecast of "Ultimate Fighting Championship 143: Nick Diaz v. Carlos Condit" ("UFC Championship") throughout Virginia on February 4, 2014. (Compl. ¶ 6, ECF No. 1.) This broadcast was not freely distributed or broadcast to the general public. (Compl. ¶ 8, ECF No. 1.) To ensure that only paying customers have access to the closed-circuit event, the program's transmission was scrambled and/or encrypted. (Compl. ¶ 10, ECF No. 1.) The only method for a Virginia establishment to lawfully broadcast this program was to gain Joe Hand's contractual authorization and decoding capability to unscramble the telecast's transmission. (Compl. ¶¶ 7-10, ECF No. 1;) see also J & J Sports Prod., Inc. v. Ribeiro, 562 F. Supp. 2d 498, 499 (S.D.N.Y. 2008).

On February 4, 2014, Sliders intercepted and published the telecast of the UFC Championship for patrons at Sliders to view. (Compl. ¶ 13, ECF No. 1.) Sliders did not obtain Joe Hand's contractual authorization to receive this transmission by paying a sublicensing fee. (Compl. ¶¶ 11, 17, ECF No. 1.) By enabling their patrons to view the program while other establishments had to pay a sublicensing fee, Sliders secured a commercial advantage and/or private financial gain. (Compl. ¶¶ 14-16, ECF No. 1.) The Complaint requests a total of $170,000 in damages,

4

plus attorney's fees and costs. (Compl. ¶¶ 24, 32, ECF No. 1; Civil Cover Sheet, ECF No. 1-1.)

After Joe Hand initiated this suit and the Court entered Sliders's default, Joe Hand submitted its Motion for Default Judgment and supporting affidavits pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Mot. for Default J., ECF No. 9.) Joe Hand, by counsel, requested a hearing date with the understanding that the proceeding was necessary for the Court to make a finding. (See Not. of Req. for Hearing Date, ECF No. 11.) Because the undersigned does not find a hearing necessary, the Request for a Hearing Date is DENIED. Fed. R. Civ. P. 55(b)(2), 78(b); Local Civil Rule 7(j).

## II. ANALYSIS

**A. Joe Hand's Complaint States a Valid Claim that the Sliders Violated the Federal Communications Act of 1934**

Upon Sliders's default, the appropriate inquiry is whether the Complaint's well-pleaded factual allegations state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6); GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) (citing Anderson v. Found. for Advancement, Educ. and Emp't of Indians, No. 99-1508, 187 F.3d 628, at *1 (4th Cir. Aug. 10, 1999)). The Complaint asserts that the Sliders violated two sections of the Federal Communications Act of 1934, as amended: 47 U.S.C. § 553

5

("Section 553") and 47 U.S.C. § 605 ("Section 605"). Damages are available to an aggrieved party under both sections. 47 U.S.C. §§ 553(3), 605(e)(3) (2012).

Section 553 provides relief to a plaintiff that is injured by an unauthorized interception of cable services, while Section 605 addresses the unauthorized publication of "cable-borne, as well as over the air [satellite] broadcasts." J & J Sports Prods., Inc. v. Lara Sport House Corp., No. 1:10cv01369, 2011 WL 4345114, at *5 (E.D. Va. Aug. 26, 2011) (citing Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123, 132 (2nd Cir. 1996)). Even if the plaintiff established liability under both sections, the plaintiff may only recover under one. Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc., 920 F. Supp. 2d 659, 666 (E.D. Va. 2013); Integrated Sports Media, Inc. v. Buruca Bros. Va., Inc., No. 1:11cv0839, 2011 WL 5873078, at *5 (E.D. Va. Nov. 1, 2011); Garden City Boxing Club, Inc. v. Puebla's Grocery, Inc., No. 06cv4735, 2007 WL 4243219, at *3 (E.D.N.Y. Nov. 29, 2007) (holding that double recovery would result if damages were awarded under both sections).

In this district, liability under both sections generally results in the calculation of damages only under Section 605, as

that section permits the award of higher damages.[3] See, e.g., J & J Sports Prods., Inc. v. Bougie, Inc., No. 1:10cv01374, 2011 WL 6202909, at *4 (E.D. Va. Nov. 25, 2011); Joe Hand Promotions, Inc. v. Veltsistas, LLC, No. 1:10cv1442, 2011 WL 5826059, at *2 (E.D. Va. Oct. 21, 2011). Because the undersigned finds that Sliders is liable under Section 605, this Report need not inquire into the merits of the alleged Section 553 violation.

### Violation of Section 605

The admitted facts demonstrate that Sliders violated Section 605 by intercepting Joe Hand's closed-circuit telecast. Section 605 provides, in relevant part, that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. . . ." 47 U.S.C. § 605(a) (2012). The Section continues, "Any person aggrieved by any violation of subsection (a) of this section or paragraph (4) of this subsection may bring a civil action in a United States district court." 47 U.S.C. § 605(e)(3) (2012). A party who willfully violates Section 605 with the purpose of obtaining a commercial advantage or private financial gain will be subject to enhanced

---

[3] Courts often take notice that the plaintiff elected for an award under Section 605. E.g., Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc., 920 F. Supp. 2d 659, 666 (E.D. Va. 2013). However, Joe Hand did not clearly elect damages in this case. Despite this, the Court will utilize the strong presumption established by prior cases in this district, and recommend recovery under Section 605.

statutory damages. 47 U.S.C. § 605(e)(3)(C)(ii) (2012).

Under 47 U.S.C. 605(b)-(e), these "intercepted communications" include intercepted satellite and cable transmissions. Wing Spot, 920 F. Supp. 2d at 666; Nat'l Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 911-12 (6th Cir. 2001) (discussing the legislative history of Section 605). In support of this conclusion, the term "any person aggrieved" includes "any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming." 47 U.S.C. § 605(d)(6).

The facts alleged, and admitted by default, reflect that on February 4, 2014, the closed-circuit program titled, "Ultimate Fighting Championship 143: Nick Diaz v. Carlos Condit," was on display at Sliders for its patrons to view. Sliders did not contract with Joe Hand or any of its agents to obtain the requisite authorization to legally receive and display the event at Sliders. Where other similarly situated restaurants and bars were required to pay a fee to display the program, Sliders's signal piracy afforded them a financial advantage to display the program without any cost. Therefore, it is apparent that Sliders violated Section 605 by displaying Joe Hand's closed circuit program to its patrons on February 4, 2014.

8

## III. DAMAGES

Finding Sliders liable for the violation of Section 605 of the Federal Communications Act of 1934, as amended, the undersigned now turns to the determination of damages. Upon default, the defendant admits the well-pleaded facts in the Complaint, but an independent determination is required for damages. Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944)). A default judgment may not differ in kind from, or exceed in amount, what is demanded in the pleadings. Fed. R. Civ. P. Rule 54(c). The Complaint requests $10,000 in statutory and $100,000 in enhanced statutory damages for Defendant's violation of Section 605. (Compl. ¶ 32, ECF No. 1; Pl.'s Mem. in Sup. of its Mot. for Default J. at 4 [hereinafter Pl.'s Mem.], ECF No. 10.) In addition, the Complaint requests court costs and attorney's fees. (Compl. ¶ 24, 32, ECF No. 1.)

### A. Statutory Damages

Pursuant to 47 U.S.C. §605(e)(C)(i), the plaintiff has the choice between pursuing statutory damages or actual damages, and Joe Hand elected to recover statutory damages. (Pl.'s Mem. at 4, ECF No. 10.) The Court has the discretion to award statutory damages in a sum not less than $1,000 and not more than $10,000. 47 U.S.C. §605(e)(C)(i)(II) (2012).

In the Eastern District of Virginia, courts have utilized two approaches when calculating a statutory damage award. One method is to award the plaintiff a flat amount, based on the sublicense fee that the telecast distributor would have charged for that particular telecast. See, e.g., J & J Sports Prods., Inc. v. Lara Sport House Corp., No. 1:10cv1369, 2011 WL 4345114, at *6 (E.D. Va. Aug. 26, 2011). The second method takes the number of patrons that were in the bar or restaurant at the time of the violation, and calculates damages using a $100 per patron rate. See, e.g., Wing Spot Chicken & Waffles, Inc., 920 F. Supp. 2d 659, 667 (E.D. Va. 2013) (awarding $4,000 for 40 patrons); Joe Hand Promotions, Inc. v. Citibars, Inc., No. 2:11cv58, 2012 WL 503212, at *5 (E.D. Va. Feb. 8, 2012) (awarding $4,900 for 49 patrons).

Unfortunately, the pleadings do not provide the Court with sufficient facts to show what the sublicense fee for Sliders would have been on February 4, 2014.[4] In addition, the pleadings fail to convey how many customers were at Sliders at the time of the violation.

The Court seeks to deter the illegal act of signal piracy

---

[4] The necessary fact in determining this flat fee is the establishment's maximum fire code capacity. (See Pl.'s Aff. Ex. 1, ECF No. 10-2). Sliders's maximum fire code capacity has not been reported. (Compare Pl.'s Mem. at 4, ECF No. 10 (asserting that the sublicensing fee would have been $1,250 according to Plaintiff's Affidavit), with Pl.'s Aff. ¶ 8, ECF No. 10-2 (demonstrating that the $1,250 figure relied upon was merely demonstrative of how Joe Hand's fee structure operated).)

with this award of damages. However, the Court also seeks to encourage prospective plaintiffs to adequately investigate and plead relevant facts that will aid the court in procuring a just award. Motivated by the pursuit of these dual goals, the undersigned recommends that Joe Hand be awarded $1,000 in statutory damages.

**B. Enhanced Statutory Damages**

A defendant that willfully violates Section 605 for the purpose of commercial advantage or private financial gain is subject to enhanced statutory damages. 47 U.S.C. § 605(e)(3)(C)(ii) (2012). The willfulness element is established by the admitted allegation that the UFC Championship could not be mistakenly or inadvertently accessed. As many courts have opined, "Signals do not descramble spontaneously, nor do televisions connect themselves to cable distribution systems." Wing Spot, 920 F. Supp. 2d at 668 (quoting Time Warner Cable v. Googies Luncheonnette, 77 F. Supp. 2d 486, 490 (S.D.N.Y. 1999)). In fact, the only way for a Virginia establishment to lawfully broadcast the program at issue was to gain Joe Hand's contractual authorization. (Compl. ¶ 7-10, ECF No. 1; Pl.'s Aff. In Supp. of Pl.'s Mot. For Default J., ECF No 10-2 ¶ 9 [hereinafter Pl.'s Aff.];) see also J & J Sports Prods., Inc. v. Ribeiro, 562 F. Supp. 2d 498, 499 (S.D.N.Y. 2008). Only then would the Defendant be able to obtain the lawful decoding

capability to unscramble the telecast's transmission. Id.

While other restaurants that displayed the UFC Championship program needed to purchase the rights, Sliders obtained a free transmission as a result of its unlicensed broadcast. Regardless of the method that Sliders employed to intercept the program,[5] this Report finds that Sliders acted willfully and for the purpose of securing a commercial advantage or private financial gain. Therefore, Joe Hand is entitled to enhanced statutory damages.

For the willful and for-profit violation of Section 605, the Court has the discretion to award an aggrieved party up to $100,000 in enhanced statutory damages. 47 U.S.C. § 605(e)(3)(C)(ii) (2012). The Plaintiff insists that unchecked signal piracy has resulted in his company's loss of millions of dollars in revenue and that deterrence should be the major concern when assessing damages. (Pl.'s Aff. ¶¶ 6, 11, ECF No. 10-2.) Joe Hand accurately depicts the significance of signal piracy's big-picture concerns, and the Court agrees that deterrence is a major factor in determining enhanced statutory damages. However, while the award must be significant to act as an effective deterrent, it should not be so serious as to put

---

[5] Alternative methods to gain access to the private broadcast include: (1) installing unencrypting devices to descramble the reception codes; (2) misrepresenting the status of a commercial establishment to obtain the lower residential rate; and (3) splicing and diverting the reception from an establishment that paid to view the broadcast. (Pl.'s Aff. ¶ 9, ECF No. 10-2.)

the restaurant out of business, or be blind to the severity of the individual defendant's offense. See Citibars, 2012 WL 503212, at *6 (E.D. Va. Feb. 8, 2012).

In this district, opinions regarding the appropriate award for enhanced statutory damages vary widely. Compare Integrated Sports Media, Inc. v. Buruca Bros. Va., Inc., No. 1:11cv0839, 2011 WL 5873078, at *7 (E.D. Va. Nov. 1, 2011) ($2,000 in enhanced damages), with J & J Sports Prods., Inc. v. Great Latin Rests., L.C., No 1:11cv459, 2011 WL 5873071, at *6 (E.D. Va. Sept. 15, 2011) ($100,000 in enhanced damages). Nevertheless, there are several factors that inform the Court's recommendation, including the: (1) defendant's status as a repeat-offender; (2) extent of the illegal monetary gains; (3) significant actual damages; (4) defendant's advertisement of the illegal broadcast; and (5) the cover charged to patrons to view the event. Wing Spot, 920 F. Supp. 2d at 668; J & J Sports Prods., Inc. v. Bougie, Inc, No. 1:10cv01374, 2011 WL 6202909, at *6 (E.D. Va. Nov. 25, 2011).

In this case, Plaintiff's affidavits include no evidence suggesting that Sliders ever displayed an unauthorized event other than the one discussed in this Report. Joe Hand also provided no facts demonstrating the defendant's substantial financial gain through this violation, even though they could have provided evidence of the amount of patrons viewing the

13

event. Joe Hand concedes actual damages are limited, and there has not been a suggestion that Sliders ever advertised the program. (Pl.'s Mem. at 4, ECF No. 10.) Finally, there is no evidence of a cover charge at Sliders on February 4, 2014. In light of these factors, the undersigned recommends that a smaller enhanced award is appropriate.

There are many cases in this district where the courts analyzed substantially similar factors in reaching a determination of enhanced statutory damages. See Citibars, 2012 WL 503212, at *6 (awarding $15,000); Wing Spot, 920 F. Supp. 2d at 669; (awarding $27,000); Bougie, 2010 WL 1790973, at *6 (awarding $10,000); J & J Sports Prods., Inc. v. Lara Sports House Corp., No. 1:10cv01369, 2011 WL 4345114, at *7 (E.D. Va. Aug. 26, 2011) (awarding $15,000); Joe Hand Promotions, Inc. v. Veltsistas, LLC, No. 1:10cv1442, 2011 WL 5826059, at *3 (E.D. Va. Oct. 21, 2011) (awarding $5,000). After review of the facts and of these similar judgments, the undersigned recommends that the plaintiff be awarded $15,000 in enhanced statutory damages.

**C. Attorney's Fees and Costs**

Pursuant to 47 U.S.C. § 605(e)(B)(iii), a prevailing plaintiff shall recover full costs and reasonable attorney's fees as is directed by the Court. Pursuant to the disbursement list that was provided by the plaintiff, the costs include the

14

$400 filing fee as well as other costs totaling $111.50. Joe Hand's attorney estimated work was 7.4 hours which—at a reasonable rate of $200 an hour—equates to $1,480 in attorney's fees.[6] (Decl. of W. Brian McCann, ECF No. 10-3.) The court FINDS that the request for attorney's fees and costs in the total of $1,991.50 is appropriate and recommends that the plaintiff be awarded that sum.

## IV. RECOMMENDATION

By displaying the UFC Championship in its establishment, Sliders willfully violated Section 605 of the Federal Communications Act of 1934, as amended, for the purpose of obtaining a commercial advantage or financial gain. 47 U.S.C. § 605 (2012). For the foregoing reasons, the undersigned recommends that the plaintiff's Motion for Default Judgment be GRANTED as it pertains to Defendant Sliders Sports Lounge, LLC, and enter judgment against Sliders in the total amount of $17,991.50. This total includes $1,000 in statutory damages, $15,000 in enhanced statutory damages, and $1,991.50 in attorney's fees and costs. Insofar as the action is still active against Defendant John Doe, the undersigned recommends it be DISMISSED without prejudice. Fed. R. Civ. P. 4(m).

---

[6] The Declaration of W. Brian McCann includes a final number that included an additional five hours of work in anticipation of a hearing. Because the hearing was not required, the Court simply subtracted those hours from the calculation of attorney's fees.

15

## **V. REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

August 4, 2014